81 F.3d 168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Armando FUENTES-SANDOVAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70832.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1996.*
Decided March 21, 1996.
 
 1
 Before: THOMPSON and KLEINFELD, Circuit Judges, and WILSON, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Armando Fuentes-Sandoval is a Nicaraguan who entered the United States illegally. He has admitted deportability but seeks either asylum or withholding of deportation. If neither asylum nor withholding of deportation is available, he requests voluntary departure.
 
 
 4
 An Immigration Judge (IJ) found that Fuentes-Sandoval was not a refugee,[1] and denied his requests for asylum and withholding of deportation. Specifically, the IJ found that Fuentes-Sandoval was not a credible witness and, therefore, had presented no credible evidence to support a finding that he was a refugee. The IJ also denied Fuentes-Sandoval's request for voluntary departure.
 
 
 5
 Fuentes-Sandoval appealed to the Board of Immigration Appeals (BIA). The BIA also found that Fuentes-Sandoval was not a credible witness and denied his application for asylum and withholding of deportation. Even if his testimony were taken as true, the BIA concluded it was insufficient to entitle him to asylum or withholding of deportation. The BIA also affirmed the IJ's denial of voluntary departure.
 
 
 6
 Fuentes-Sandoval petitions this court for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1105a, and we deny review.
 
 
 7
 To be eligible for a grant of asylum, the alien must qualify as a "refugee" under section 101(a)(42)(A) of the INA, 8 U.S.C. § 1101(a)(42)(A). This requires a showing "of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). If refugee status is established, the alien must also show that he or she merits asylum as a matter of discretion. INA § 208(a), 8 U.S.C. § 1158(a); INS v. Stevic, 467 U.S. 407, 423 n. 18 (1984); Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 (9th Cir.1988).
 
 
 8
 A determination that the petitioner is not eligible for asylum is reviewed under the "substantial evidence" standard. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993); Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). This standard requires us to uphold the BIA's denial unless an alien demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 817 (1992).
 
 
 9
 This standard of review applies to findings that an alien's assertions in support of his asylum claim were not credible. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992); Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987) (citing Saballo-Cortez v. INS, 761 F.2d 1259, 1262 (9th Cir.1985)). Consistent with this view, the finding by the administrative authorities regarding an alien's credibility will ordinarily be given great weight. Berroteran-Melendez, 955 F.2d at 1256 (adverse credibility findings by an immigration judge that are supported by a "specific, cogent reason" for disbelief are given substantial deference by the reviewing court) (quoting Turcios, 821 F.2d at 1399); Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1395 (9th Cir.1985) (Courts of appeal must be "far less confident of their ability" to make credibility determinations than in the ability of the immigration judge to make "such important, but often subtle determinations"); Saballo-Cortez, 761 F.2d at 1266 (deference must be given "to the immigration judge's express and implied findings that the alien's testimony is not credible if the record supports such findings").
 
 
 10
 Fuentes-Sandoval contends that IJ's adverse credibility determination, as adopted by the BIA, is not supported by the record. We disagree.
 
 
 11
 The IJ found Fuentes-Sandoval's testimony to be "unbelievable and inconsistent, vague and implausible." He noted that Fuentes-Sandoval based his asylum claim in part on his union membership. However, because Fuentes-Sandoval owned his own business, it was improbable that he would join the union, and he gave no explanation as to why he joined the union. The IJ further found that there was a conflict in Fuentes-Sandoval's testimony that he belonged to two unions while in Nicaragua, and later testified the two unions merged after he left Nicaragua. Fuentes-Sandoval was vague and inconsistent about his alleged transportation of weapons for the Contras. Although he testified he transported weapons "about four times a year," he could not remember when he did this. His testimony in this regard is telling:
 
 
 12
 Q. And for what period of time would you say [you transported weapons]? The approximate year. I'm talking about the year--'87, '88, '84? What year?
 
 A. (No response.)
 
 13
 Q. Do you remember?
 
 
 14
 A. Not exactly.
 
 
 15
 Q. Would you say you did this once a year, twice a year?
 
 
 16
 A. No, more often. About four times a year.
 
 
 17
 Fuentes-Sandoval also gave vague and illusory testimony about the alleged persecution and death of his partner. He testified in this regard:
 
 
 18
 Q. And when was [your partner] arrested?
 
 
 19
 A. I don't remember well. It was a long time ago.
 
 PETITIONER'S ATTORNEY TO PETITIONER
 
 20
 Q. Was it over five years ago?
 
 
 21
 A. More or less.
 
 IJ TO PETITIONER
 
 22
 Q. Over five years ago?
 
 
 23
 A. Yes.
 
 PETITIONER'S ATTORNEY TO PETITIONER
 
 24
 Q. More or less?
 
 
 25
 A. More or less.
 
 
 26
 Q. More, or less?
 
 A. Less
 IJ TO PETITIONER
 
 27
 Q. Well, how much less?
 
 
 28
 A. Less than five years. Two years less.
 
 
 29
 Q. You mean three years ago?
 
 
 30
 A. More or less, yes.
 
 
 31
 Q. More or less? Okay.
 
 PETITIONER'S ATTORNEY TO PETITIONER
 
 32
 Q. In 1988, then.
 
 
 33
 A. Yes.
 
 
 34
 The IJ also found incredible Fuentes-Sandoval's testimony that both he and his partner transported weapons and that his partner was arrested, tortured and killed for his contra activities, and Fuentes-Sandoval was simply warned not to participate in contra activities and allowed to continue running his business until it was confiscated. Even the testimony about the confiscation of Fuentes-Sandoval's business was unbelievable. According to his testimony he could remember only the year but could not more precisely state when his business, which presumably was his livelihood, was allegedly confiscated. The IJ also found it incredible that Fuentes claimed to be running for his life, yet stayed in Nicaragua from March of 1988, when he got his passport, until January 1989.
 
 
 35
 The IJ's factual determination that Fuentes-Sandoval's testimony was incredible is amply supported by the record and by the IJ's specific cogent reasons given for his credibility finding. The Board did not abuse its discretion in concluding that Fuentes-Sandoval had failed to establish either past persecution or a well-founded fear of future persecution if he were returned to Nicaragua.
 
 
 36
 Because Fuentes-Sandoval cannot meet the standard for establishing a well-founded fear of past or future persecution, he does not meet the higher standard of clear probability of persecution required to be eligible for withholding of deportation under 8 U.S.C. § 1253(h). Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995) ("[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation as well.")
 
 
 37
 Finally, Fuentes-Sandoval argues the BIA abused its discretion by denying his request for voluntary departure under 8 U.S.C. 1254(e). We review the BIA's denial of a request for voluntary departure by determining whether the BIA exercised its discretion arbitrarily or capriciously. Abedini v. I.N.S., 971 F.2d 188, 193 (9th Cir.1992). Here the record supports the IJ's finding, as adopted by the BIA, that Fuentes-Sandoval's testimony was incredible. The BIA was entitled to rely upon the adverse credibility determination and the lack of significant countervailing equities in denying, by the exercise of its discretion, Fuentes-Sandoval's request for voluntary departure. The BIA's denial of voluntary departure was supported by a reasoned explanation based upon legitimate concerns; this is all that is required. Id.
 
 
 38
 REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A refugee is a person outside his or her country of origin who is unable or unwilling to return to it because of persecution or a well-founded fear of persecution because of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. 1101(a)(42) (1996)